# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SCOTT DOUGLAS HINSHAW,

    Plaintiff,

    v.                                CASE NO. 18-3225-SAC

VAN Z. HAMPTON, et al.,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Ford County Jail in Dodge City, Kansas. Plaintiff names as Defendants: District Court Judge Sidney R. Thomas; District Court Judge Van Z. Hampton; Assistant District Attorney Kathleen Neff; Assistant District Attorney Clay A. Kuhns; Court Appointed Attorney Louis A. Podrebarac; and Judge (fnu) Martin. Although Plaintiff's allegations are confusing and conclusory, they appear to involve his arrest and state court proceedings. Plaintiff alleges that he was "denied a constitutional court of law the entity Plaintiff the State of Kansas I am one of for inhabiting its lawful boundry [sic] and a conflict of interest exist for I can not be both the defendant AKA I am not." (Doc. 1, at 4.) Plaintiff seeks damages of "100 billion bullion" for irreparable damages and medical injuries; "27 million bullion" for "violation of all constitutional rights and inalienable rights and liberties by public servants taxation without representation." (Doc. 1, at 14.)

On October 12, 2018, the Court entered a Memorandum and Order and Order to Show Cause ("MOSC") (Doc. 6), ordering Plaintiff to show cause why his Complaint should not be

dismissed for the reasons stated in the MOSC. Plaintiff has filed a Response (Doc. 7) that fails to address any of the deficiencies in the MOSC. Instead, Plaintiff continues to make frivolous arguments.[1]

In the MOSC, the Court noted that: Plaintiff's claims were barred by sovereign immunity; Plaintiff's claims against the state court judges should be dismissed on the basis of judicial immunity; Plaintiff's claims against the Assistant District Attorneys fail on the ground of prosecutorial immunity; Plaintiff has not shown that his court-appointed defense attorney was acting under color of state law as required under § 1983; Plaintiff's claims are barred by *Heck* because he has not alleged that the conviction or sentence has been invalidated; and Plaintiff's instant case includes claims substantially similar to those he recently raised in *Hinshaw v. Hampton*, Case No. 17-3129-SAC (D. Kan.) and *Hinshaw v. Thomas*, Case No. 18-3081-SAC (D. Kan.). The Court dismissed Case No. 17-3129 on January 23, 2018, for failure to state a claim. The Court dismissed Case No. 18-3081 on August 14, 2018, as frivolous and for failure to state a claim. "Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *Winkle v. Hammond*, 601 F. App'x 754, 754–55 (10th Cir. 2015) (unpublished) (citing *McWilliams v. State of Colo.,* 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks and brackets omitted)).

Plaintiff's response fails to address the deficiencies set forth in the MOSC and fails to show good cause why Plaintiff's Complaint should not be dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

---

[1] Plaintiff argues that this Court has not provided him with the judges' "credentials," and takes issue with the undersigned's typed signature on the Order to Show Cause. The Court's Local Rules provide that an order "filed electronically without the original signature of a judge . . . has the same force and effect as if the judge . . . had signed a paper copy of the order and it had been entered on the docket in a conventional manner." D. Kan. Rule 5.4.4(b). Plaintiff also takes issue with being referred to as "the defendant" in his state criminal proceedings.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas on this 6th day of November, 2018.**

<u>**S/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**